UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO:_____

NYRVA GERMAIN,

     Plaintiff(s),

v.

MIAMI HEART WELLNESS, LLC,
a Florida Limited Liability Company,
MS PEO II, LLC,
a Florida Limited Liability Company,
TCM PEO V, LLC d/b/a COADVANTAGE,
a Florida Limited Liability Company,
FEMWELL GROUP HEALTH, INC.,
a Florida Profit Corporation,
VITALMD GROUP HOLDING, LLC,
a Florida Limited Liability Company,

     Defendant(s).
_____/

## COMPLAINT

Plaintiff, NYRVA GERMAIN ("Plaintiff"), by and through the undersigned counsel, hereby sues Defendants, MIAMI HEART WELLNESS, LLC, MS PEO II, LLC, TCM PEO V, LLC d/b/a COADVANTAGE, FEMWELL GROUP HEALTH, INC., and VITALMD GROUP HOLDING, LLC (collectively "Defendants"), and in support avers as follows:

### GENERAL ALLEGATIONS

1. This is an action by the Plaintiff for damages exceeding $15,000 excluding attorneys' fees or costs for discriminatory treatment and retaliation under the Civil Rights Act of 1866, 42 U.S.C. §1981 ("§ 1981"), for retaliation in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA"), and for unlawful, retaliatory discharge pursuant to Florida's private sector Whistleblower's Act, Fla. Stat. § 448.102 ("FWA").

2. The jurisdiction of the Court over this controversy is based upon § 1981 and 29 U.S.C. §216(b).

3. At all times material hereto, Plaintiff was a resident of Broward County, Florida, within the jurisdiction of this Honorable Court.

4. Plaintiff was jointly employed by Defendants, having places of business in Broward County, Florida, where Plaintiff worked for Defendant, and at all times material hereto was and is engaged in interstate commerce.

5. This Honorable Court may exercise supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

6. Venue is proper in Broward County, Florida because all of the actions that form the basis of this Complaint occurred within Broward County, Florida and payment was due in Broward County, Florida.

7. Plaintiff previously filed a timely charge of employment discrimination with the Equal Employment Opportunity Commission, the agency responsible for investigating claims of employment discrimination. This charge was dually filed with the Florida Commission on Human Relations.

8. Declaratory, injunctive, legal, and equitable relief is sought pursuant to the laws set forth above together with attorneys' fees, costs and damages.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

9. Plaintiff performed work for Defendant as a non-exempt employee from on or about November 2016 until on or about March 2, 2018,

10. Plaintiff is a Black, Haitian female and, as such, is in a protected category and a covered employee for purposes of § 1981.

11. On or about December 2016, Plaintiff became aware that her boss, Dr. Francesca Gallarello ("Dr. Gallarello"), was performing nuclear stress tests on patients outside of her office without having proper insurance coverage for that equipment and procedure.

12. On or about January 2017, Plaintiff sat down with Dr. Gallarello and explained to her that what she was doing violated Medicare guidelines and was, therefore, Medicare fraud.

13. Plaintiff also complained to Dr. Cesar Conde ("Dr. Conde") in whose office Dr. Gallarello was performing the procedures.

14. However, Dr. Conde dismissed Plaintiff's complaints as well and Dr. Gallarello continued to engage in the same illegal activity.

15. Further, Plaintiff gave a statement to the United States Department of Labor regarding a former coworker, Pablo Castellanes, who has a case against Defendants.

16. Subsequently, the United States Department of Labor contacted Defendants regarding the statement made by Plaintiff.

17. Following these events, Dr. Gallarello became very hostile towards Plaintiff. She would regularly make derogatory comments towards Plaintiff.

18. For example, Dr. Gallarello stated she would not be surprised if she came in one morning and found Plaintiff hanging from the ceiling, just like the black people.

19. On another occasion, Dr. Gallarello told Plaintiff in a condescending manner that she was Haitian and because of this she might be deported.

20. Dr. Gallarello repeatedly told Plaintiff in a threatening manner that Plaintiff needed to stay in her place.

21. As a result of this harassment and discriminatory treatment, Plaintiff eventually felt she had no other choice but to seek employment elsewhere.

22. Plaintiff was constructively discharged in this manner.

23. Prior to Plaintiff resigning, Dr. Gallarello hired a replacement who was Black. However, after working for Defendant for one (1) day, Dr. Gallarello told Plaintiff that she "[didn't] want this black women in [her] office; she looks retarded."

24. Thereafter, Dr. Gallarello fired the black women and told her it was Plaintiff who made the decision which was a lie. The black women became very angry and called the office to threaten Plaintiff.

25. After this, Plaintiff could not take it anymore and her last day was March 2, 2018.

26. Throughout Plaintiff's employment, Plaintiff has always performed the essential functions of her job duties and responsibilities in an exemplary fashion and in satisfactory and above satisfactory levels.

27. Any reason proffered by Defendant for the adverse employment actions taken against Plaintiff is mere pretext for unlawful discrimination.

## COUNT I
### *Race Discrimination in Violation of 42 U.S.C. § 1981*

28. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-27 of this Complaint as if set out in full herein.

29. Plaintiff is a member of a protected class under § 1981.

30. By the conduct describe above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's race and subjected the Plaintiff to race-based animosity.

31. Such discrimination was based upon the Plaintiff's race in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff is Black.

32. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the

basis of race was unlawful but acted in reckless disregard of the law.

33. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

34. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

35. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

36. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

37. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

38. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

39. So that Plaintiff's rights may be protected, Plaintiff has retained the undersigned counsel who is entitled to attorney's fees pursuant to 42 U.S.C. § 1988, the Civil Rights Attorneys Fee Award Act.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendant:

    a. Adjudge and decree that Defendant has violated 42 U.S.C. § 1981, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

    b. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

    c. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

    d. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

    e. Award Plaintiff the costs of this action, together with a reasonable attorney fees; and

    f. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT II
### *Ethnicity Discrimination in Violation of 42 U.S.C. § 1981*

40. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-27 of this Complaint as if set out in full herein.

41. Plaintiff is a member of a protected class under § 1981.

42. By the conduct describe above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's ethnicity and subjected the Plaintiff to ethnicity-based animosity.

43. Such discrimination was based upon the Plaintiff's ethnicity in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff is a Black Haitian.

44. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the

basis of ethnicity was unlawful but acted in reckless disregard of the law.

45. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

46. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

47. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

48. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived Plaintiff of statutory rights under federal law.

49. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

50. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

51. So that Plaintiff's rights may be protected, Plaintiff has retained the undersigned counsel who is entitled to attorney's fees pursuant to 42 U.S.C. § 1988, the Civil Rights Attorneys Fee Award Act.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendant:

a. Adjudge and decree that Defendant has violated 42 U.S.C. § 1981, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

b. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

c. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

d. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

e. Award Plaintiff the costs of this action, together with a reasonable attorney fees; and

f. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT III
### *Retaliation in Violation of 42 U.S.C. § 1981*

52. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-27 of this Complaint as if set out in full herein.

53. Plaintiff is a member of a protected class under § 1981.

54. By the conduct describe above, Defendant retaliated against Plaintiff for exercising rights protected under § 1981.

55. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of race and ethnicity was unlawful but acted in reckless disregard of the law.

56. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of

rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

57. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

58. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

59. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

60. So that Plaintiff's rights may be protected, Plaintiff has retained the undersigned counsel who is entitled to attorney's fees pursuant to 42 U.S.C. § 1988, the Civil Rights Attorneys Fee Award Act.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendant:

   a. Adjudge and decree that Defendant has violated 42 U.S.C. § 1981, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

   b. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

   c. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

    d. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

    e. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

    f. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

### COUNT IV
*FLSA Retaliation*

61. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-27 of this Complaint as if set out in full herein.

62. 29 U.S.C. § 215(a)(3) of the FLSA states that it is a violation to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee."

63. Defendant's conduct as set forth above constitutes a violation of the FLSA's anti-retaliation provision.

64. The motivating factor that caused Plaintiff's termination as described above was Plaintiff's complaints regarding Defendants' unlawful pay practices.

65. Defendant's conduct was in direct violation of the FLSA, and, as a direct result, Plaintiff has been damaged.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

    a. Adjudge and decree that Defendant has violated the FLSA and has done so willfully,

intentionally and with reckless disregard for Plaintiff's rights;

b. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum and/or overtime wages, with interest; and

c. Award Plaintiff an equal amount in double damages/liquidated damages; and

d. Award Plaintiff the costs of this action, together with reasonable attorney fees; and

e. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT V
### *Retaliation under the FWA*

66. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-27 of this Complaint as if set out in full herein.

67. At all times material hereto, Defendant failed to comply with the FWA, which provides, in relevant part: "An employer may not take any retaliatory personnel action against an employee because the employee has: ... (3) Objected to, or refused to participate in, any activity, policy, or practice of the employer which is in violation of a law, rule, or regulation."

68. At all relevant times aforementioned, including at the time of Plaintiff's termination and other adverse employment actions, Defendant was aware of Plaintiff's rights as an employee, under Florida Laws and Regulations.

69. At the time of termination and other adverse employment actions, Plaintiff was qualified for and able to adequately perform the essential job functions as required by Defendant.

70. Defendant's termination and other adverse employment actions of Plaintiff's employment was directly and proximately caused by the Defendant's unjustified retaliation for Plaintiff's objections to illegal activities.

71. As a direct and proximate result of the Defendant's intentional conduct, Plaintiff suffered serious economic losses, physical injury, as well as mental pain and suffering.

72. Any allegedly justified reason for Plaintiff's termination asserted by Defendant is a mere pretext for the actual reason for termination—Plaintiff's objections to the aforementioned illegal activity.

73. The Defendant's actions were malicious and were recklessly indifferent to the Plaintiff's rights pursuant to the FWA which protects a person from retaliation for opposing illegal conduct.

74. The aforementioned actions of Defendant were done wantonly, willfully, maliciously and with reckless disregard of the consequences of such actions.

**WHEREFORE**, Plaintiff respectfully requests that this court order the following:

a. Grant a permanent injunction enjoining Defendant its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which violates the FWA.

b. Reinstate Plaintiff to the same position held before the retaliatory personnel action, or to an equivalent position.

c. Reinstate full fringe benefits and seniority rights to Plaintiff.

d. Order Defendant to make Plaintiff whole, by compensating Plaintiff for lost wages, benefits, including front pay, back pay with prejudgment interest and other remuneration for physical and mental pain, anguish, pain and humiliation from being terminated due to objections to illegal activity.

e. Award any other compensation allowed by law including punitive damages and attorney's fees pursuant to Fla. Stat. § 448.102.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated: 5/30/19

Respectfully submitted,

Anthony M. Georges-Pierre, Esq.
Florida Bar No.: 533637
agp@rgpattorneys.com
**Max L. Horowitz, Esq.**
Florida Bar No.: 118269
mhorowitz@rgpattorneys.com
**REMER & GEORGES-PIERRE, PLLC**
44 West Flagler Street, Suite 2200
Miami, FL 33130
Telephone: (305) 416-5000
Facsimile: (305) 416-5005